# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-443V
Filed: February 12, 2016

| | |
|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED |
| ROBERTA REYNA, * | |
| * | Special Master Gowen |
| Petitioner, * | |
| * | Joint Stipulation on Damages and; |
| v. * | Attorneys' Fees and Costs; |
| * | Transverse Myelitis; Influenza |
| SECRETARY OF HEALTH * | ("Flu") Vaccine |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * | |

Mark L. Krueger, Krueger & Hernandez, Baraboo, WI, for petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On May 1, 2015, Roberta Reyna ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that, as a result of receiving an influenza ("flu") vaccine on October 3, 2013, she developed transverse myelitis. Petition at Preamble. Further, petitioner alleged that she experienced residual effects of the injury for more than six months. Petition at ¶ 9.

On February 9, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that petitioner's transverse

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

myelitis or any other injury was caused-in-fact by petitioner's October 3, 2013, flu vaccination, and denies that her current disabilities are sequelae of this injury. Stipulation ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

In the February 9, 2016, stipulation, the parties also stipulate to an award of attorneys' fees and costs. The parties agree to a total award of attorneys' fees and costs in the amount of $18,144.05. Stip. at ¶ 8(b). In accordance with General Order #9, petitioner represents that she did not personally incur costs related to this proceeding. Id. The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). The undersigned finds the stipulation for fees and costs reasonable and adopts it as the decision of the Court.

The parties stipulate that petitioner shall receive the following:

**(1)  A lump sum of $180,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and**

**(2)  A lump sum of $18,144.05 in the form of a check jointly payable to petitioner and petitioner's law firm, Krueger & Hernandez, PC, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

Id. ¶ 8.

The undersigned approves the requested amounts for petitioner's compensation. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

ROBERTA REYNA,                          )
                                        )
            Petitioner,                 )
                                        )
    v.                                  )      No. 15-443V
                                        )      Special Master Thomas L. Gowen
SECRETARY OF HEALTH AND                 )      ECF
HUMAN SERVICES,                         )
                                        )
            Respondent.                 )
_____)

## STIPULATION

The parties hereby stipulate to the following matters:

1. Roberta Reyna ("petitioner") filed a petition for vaccine compensation under the
National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine
Program"). The petition seeks compensation for injuries allegedly related to her receipt of the
influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"),
42 C.F.R. § 100.3 (a).

2. Petitioner received her flu vaccination on October 3, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that her flu vaccination caused her to develop transverse myelitis.
She further alleges that she experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action
for damages as a result of her condition.

6. Respondent denies that petitioner's transverse myelitis or any other injury was caused-
in-fact by petitioner's October 3, 2013 flu vaccination, and denies that her current disabilities are

1

sequelae of this injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following compensation payments:

a.    a lump sum payment of $180,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

b.    A lump sum of $18,144.05 in the form of a check jointly payable to petitioner and petitioner's law firm, Krueger and Hernandez, PC, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In accordance with General Order #9, petitioner represents that all litigation costs were paid by petitioner's attorney and that petitioner did not personally incur any costs in proceeding on the petition.

9. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for attorneys' fees and costs and past unreimbursable expenses, the money provided pursuant to this Stipulation

2

either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraphs 8, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 3, 2013 as alleged by petitioner in a petition for vaccine compensation filed on or about May 1, 2015 in the United States Court of Federal Claims as petition No. 15-443V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There

3

is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that a flu vaccine caused petitioner's injury or her current disabilities.

17.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

/

4

Respectfully submitted,

PETITIONER:

ROBERTA REYNA

ATTORNEY OF RECORD FOR
PETITIONER:

MARK L. KRUEGER
Attorney for Petitioner
KRUEGER & HERNANDEZ SC
123 2nd Street
P.O. Box 41
Baraboo, WI 53913
(608) 356-3961

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-2699

Dated: 02/09/16

5